**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO.:**

PETER PALLADINO,

      Plaintiff,

vs.

NEXTERA ENERGY, INC.,
a Florida Corporation,

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, PETER PALLADINO ("Mr. Palladino" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, NEXTERA ENERGY, INC. ("Defendant" or "FPL") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against FPL for its disparate treatment and unlawful termination of Plaintiff based upon his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

**VENUE, JURISDICTION, AND PARTIES**

2. This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the ADEA claims.

3. Plaintiff is, and at all times material was, a resident of Martin County, Florida, and worked for Defendant in Palm Beach County, Florida.

4. Venue is therefore proper in the West Palm Beach Division of the Southern District of Florida.

5. Defendant was an "employer" as defined by the ADEA and the FCRA.

6. At all times relevant, Defendant employed in excess of twenty (20) or more employees.

**CONDITIONS PRECEDENT**

7. On or around March 29, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

8. More than 180 days have passed since the filing of the Charge of Discrimination.

9. On or around September 28, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

**STATEMENT OF FACTS**

12. Mr. Palladino, who was born in 1966 and is currently fifty-four (54) years old, worked for FPL from April 8, 2015, until his termination on January 27, 2021.

13. During his years with FPL, Mr. Palladino was obviously a reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

14. In the spring of 2020, FPL promoted Mr. Palladino to the position of Principal Financial Analyst.

15. Mr. Palladino was at first excited by the prospect of learning and growing into his new role.

16. However, it soon became apparent that FPL was not willing to provide the normal support, training, and guidance that any employee assuming a new role, featuring new and unfamiliar duties, expects to receive.

17. Indeed, during his approximately eight (8) months working in the role of Principal Financial Analyst, Mr. Palladino never met his Supervisor, Anthony Bartnick, in person, and met very few of his own new team members.

18. Upon assuming his new role, Mr. Palladino asked Mr. Bartnick when he would be

trained in areas of unfamiliarity.

19. Mr. Bartnick merely stated that there was no such formal training available, and fobbed Mr. Palladino off on a contractor or other team members in case he needed assistance.

20. Worse, Mr. Bartnick began to routinely castigate Mr. Palladino as "too old" to learn the intricacies of his new role, despite FPL's failure to give Mr. Palladino any reasonable shot at learning his new responsibilities.

21. On a Friday sync call in the summer of 2020, Mr. Bartnick became enraged, and derided Mr. Palladino as "too old and slow."

22. When Mr. Palladino later asked Mr. Bartnick what he should do the following Monday, Mr. Bartnick said, "sit there and do nothing."

23. FPL's animus and discrimination based on age was clear.

24. Concerned, Mr. Palladino reported Mr. Bartnick's animus and discrimination based on age to Hope Martin in FPL's Human Resources Department.

25. Unfortunately, the discrimination based on age continued and worsened.

26. On January 27, 2021, FPL informed Mr. Palladino that it had decided to terminate his employment, effective immediately.

27. Mr. Palladino was immediately replaced by a significantly younger individual.

28. Plaintiff was fired for no reason other than his advanced age.

29. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for a younger, less-qualified employee.

30. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

31. But for Plaintiff's age, Defendant would not have terminated his employment.

32. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

33. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

**COUNT I- AGE DISCRIMINATION UNDER THE ADEA**

34. Plaintiff realleges and readopts the allegations contained in paragraphs 1-33 of the Complaint, as if fully set forth in this Count.

35. Plaintiff was over forty (40) years old when he was terminated.

36. Plaintiff was not terminated for cause.

37. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

38. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

39. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

40. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

41. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

42. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

43. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

44. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

## REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

45. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

46. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

47. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

48. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

49. Provide any additional relief that this Court deems just and proper.

## COUNT II – AGE DISCRIMINATION UNDER THE FCRA

50. Plaintiff realleges and adopts the allegations contained in paragraphs 1-33, as if fully set forth in this Count.

51. Plaintiff was over forty (40) years old when he was terminated.

52. Plaintiff was not terminated for cause.

53. Plaintiff was discriminated against based on his age.

54. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

55. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

56. Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff.

57. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

58. The discrimination to which Plaintiff was subjected was based on his age.

59. Plaintiff was fired only because of his age, and would not have been fired but for his age.

60. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

64. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

65. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

66. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

67. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

68. Provide any additional relief that this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 3rd day of November, 2022.

Respectfully submitted,

*/s/Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*